IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEMARCUS KENARD JOE <br> (TDCJ No. 1047716), <br><br> Plaintiff, <br><br> V. <br><br> GLENN HEGAR, ET AL., <br><br> Defendants. | § § § § § § § § § § § | No. 3:20-cv-718-L-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Demarcus Kenard Joe, a Texas prisoner, with a lengthy litigation history in this Court, has filed (on the form for filing civil rights complaints) a *pro se* action against two state officials and a United States senator, alleging fraud. *See* Dkt. No. 3.

His latest action has been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss this action without prejudice under 28 U.S.C. § 1915(g) unless, within the time for filing objections to this recommendation or by some other deadline established by the Court, Joe pays the full filing fee of $400.00.

Prisoners may not proceed *in forma pauperis* ("IFP") if, while incarcerated or

detained in any facility, they have filed three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. *See* 28 U.S.C. § 1915(g).

Joe is subject to this three-strikes bar:

> In the current complaint, Joe appears to seek – and request the removal of – TDCJ records. *See* Dkt. No. 3 at 4 (referencing "offender records; parole (rehabilitation program) records, warden (insure bonds) records; and STG-[security threaten group records documents" (no alteration to original)); *see also id.* (requesting as relief "removal [of] each offender record document"). This claim appears to duplicate the claim regarding records he made in *Joe v. Texas*, No. 3:18-cv-09-G-BH, 2018 WL 1009258 (N.D. Tex. Jan. 22, 2018), *rec. accepted*, 2018 WL 949230 (N.D. Tex. Feb. 16, 2018), an action dismissed with prejudice as frivolous and for failure to state a claim under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).
> 
> As that court noted, that dismissal counted "as a 'strike' or 'prior occasion'" under 28 U.S.C. § 1915(g), *id.* at *4 – which provision prevents a prisoner from proceeding *in forma pauperis* ("IFP") if, while incarcerated or detained in any facility, he or she has filed three or more civil actions or appeals in federal court that were dismissed as frivolous, as malicious, or for failure to state a claim.
> 
> And Joe accumulated at least one strike prior to that dismissal. *See Joe*, 2015 WL 9906188, at *3-*4 (dismissing Joe's civil rights claims as barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)); *see also Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996) ("*Heck* bars this [Section 1983] claim unless Hamilton proves that his convictions or sentences have been reversed, expunged, invalidated, or otherwise called into question. Since Hamilton has not made such a showing, this claim is legally frivolous."); *In re Jones*, 652 F.3d 36, 38 (D.D.C. 2016) (per curiam) ("The circuit courts of appeal to address the question have held that the dismissal of a section 1983 lawsuit for damages based on prematurity under *Heck v. Humphrey* is for failure to state a claim, and constitutes a 'strike' under the [Prison Litigation Reform Act, or the] PLRA, 28 U.S.C. § 1915(g).... We conclude that this result is consistent with *Heck*...." (collecting cases)).
> 
> Applicable to the current complaint, where the claim presented in a case is "duplicative of claims already asserted and dismissed in [a] previous case," that claim "must be dismissed as malicious" or, alternatively, because it is "also barred by the doctrine of *res judicata*, ... for failure to state a claim." *Yarborough v. Sheriff, Tarrant Cty., Tex.*, No.

> 4:11-cv-207-Y, 2011 WL 4736302, at *1-*2 (N.D. Tex. Oct. 6, 2011) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) ("[W]e have dismissed an appeal as frivolous because it involved a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit, concluding that repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915[(e)] as malicious." (citations and internal quotation marks omitted)); *Brown v. Thomas*, No. 3:02-cv-673-M, 2002 WL 31757616, at *3-*4 (N.D. Tex. Dec. 3, 2002) (dismissing as duplicative even though earlier case was dismissed without reaching its merits); *see also Silva v. Stickney*, No. 3:03-cv-2279-D, 2005 WL 2445433, at *4 (N.D. Tex. Sept. 30, 2005) ("Courts may appropriately dismiss an *in forma pauperis* action as frivolous, when the action 'seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff.' Such dismissal is predicated on principles of *res judicata*." (quoting *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989); citing *Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993))).
> 
> "[D]eclaring that a successive *in forma pauperis* suit is 'malicious' ... insures that the plaintiff obtains one bite at the litigation apple – but not more." *Brown v. Tex. Bd. of Nursing*, 554 F. App'x 268, 269 (5th Cir. 2014) (per curiam) (quoting *Pittman*, 980 F.2d at 995; quotation modified).
> 
> For these reasons, the Court should dismiss this action with prejudice as malicious under 28 U.S.C. § 1915A(b)(1) and further find that Joe has accumulated his third strike under Section 1915(g).

*Joe v. Richardson*, No. 3:18-cv-1366-N-BN, 2018 WL 5259656, at *1-*2 (N.D. Tex. Sept. 17, 2018), *rec. accepted*, 2018 WL 5258576 (N.D. Tex. Oct. 22, 2018); *see also Joe v. White*, No. 7:19-cv-92-M-BP (N.D. Tex. Oct. 9, 2019) (recognizing the same history and dismissing case as barred by the three strikes provision).

The only exception to this bar is when the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). But, in order to meet the "imminent danger" exception, "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush,* No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008)

(quoting *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003)). "Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.*; *see also McGrew v. La. State Penitentiary Mental Health Dep't*, 459 F. App'x 370, 370 (5th Cir. 2012) (per curiam) ("The determination whether a prisoner is under 'imminent danger' must be made at the time the prisoner seeks to file his suit in district court, when he files his notice of appeal, or when he moves for IFP status." (citing *Baños v. O'Guin,* 144 F.3d 883, 884-85 (5th Cir. 1998))).

A prisoner must also "allege specific facts" to support the imminent-danger exception. *Valdez*, 2008 WL 4710808, at \*1. "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Id.* (quoting *Niebla v. Walton Corr. Inst.,* No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at \*2 (N.D. Fla. July 20, 2006)).

Thus, the "specific allegations" must reflect "ongoing serious physical injury" or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). For example, as to allegedly inadequate medical care, use of "the past tense when describing" symptoms – which should be corroborated by medical records or grievances – is not sufficient to allege imminent danger. *Stone v. Jones*, 459 F. App'x 442, 2012 WL 278658, at \*1 (5th Cir. Jan. 31, 2012) (per curiam).

And there must be a nexus between the claims made and the imminent danger alleged. *See Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, No. 3:13-cv-4253-B, 2013 WL 6640391, at \*2 (N.D. Tex. Dec. 17, 2013) (citations

omitted), *aff'd*, 571 F. App'x 352 (5th Cir. 2014) (per curiam).

As Joe's current civil action falls under the three-strikes provision, he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury. But his complaint lacks substantive factual allegations to show that he currently is in imminent danger of serious physical injury as to overcome Section 1915(g).

The Court should therefore bar Joe from proceeding IFP. *See Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996).

## Recommendation

The Court should summarily dismiss this action without prejudice under 28 U.S.C. § 1915(g) unless, within the time for filing objections to this recommendation or by some other deadline established by the Court, Plaintiff Demarcus Kenard Joe pays the full filing fee of $400.00.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 27, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE